UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELMER VALENTIN SANCHEZ-RODRIGUEZ, | Case No. 3:24-cv-00032-ART-CSD |
| Petitioner, | ORDER |
| v. | |
| NETHANJAH BREITENBACH, *et al.*, | |
| Respondents. | |

## I.  Introduction

In this habeas corpus action, brought by Elmer Valentin Sanchez-Rodriguez, who is incarcerated at Nevada's Lovelock Correctional Center, and who is represented by appointed counsel, the respondents filed a motion to dismiss on January 17, 2025 (ECF No. 28), arguing that Sanchez-Rodriguez's amended petition is barred by the statute of limitations and that one of his claims, Ground 2, is unexhausted and/or procedurally defaulted. Sanchez-Rodriguez responded, arguing that he is entitled to equitable tolling rendering his petition timely, and that Ground 2 is technically exhausted, but procedurally defaulted, and he can overcome the procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012). (ECF No. 29 at 2, 9.) The Court denies the motion to dismiss and sets a schedule for the respondents to file their answer.

## II.  Background

On October 9, 2018, Sanchez-Rodriguez was convicted, pursuant to guilty pleas, of one count of lewdness with a child under the age of fourteen and two counts of attempted sexual assault against a child under the age of fourteen. (ECF No. 24-32.) He was sentenced to an aggregate sentence of life in prison with the possibility of parole after 312 months. (*Id.*)

On September 19, 2019, Sanchez-Rodriguez filed, in state court, a *pro se* post-conviction petition for a writ of habeas corpus. (ECF No. 24-38.) The state

district court dismissed the petition. (ECF No. 25-5.) Sanchez-Rodriguez appealed, and the Nevada Court of Appeals reversed and remanded. (ECF No. 25-24.) On remand, the state district court again dismissed the petition. (ECF No. 25-37.) Sanchez-Rodriguez appealed, and the Nevada Court of Appeals affirmed on March 27, 2023. (ECF No. 26-7.) The Court of Appeals' remittitur issued on April 10, 2023. (ECF No. 26-8.)

On September 18, 2023, Sanchez-Rodriguez filed, in state court, a motion to withdraw his guilty plea. (ECF No.26-9.) With that motion unresolved in the state district court, Sanchez-Rodriguez initiated an appeal, which was dismissed on January 10, 2024, for lack of jurisdiction. (ECF No. 26-18.) It appears the motion remains unresolved and pending in the state district court.

In his *pro se* federal habeas petition, Sanchez-Rodriguez states that he mailed that petition to this Court, initiating this case, on January 18, 2024. (ECF No. 1-1 at 1.) The Court appointed counsel for Sanchez-Rodriguez (ECF No. 4), and, with counsel, Sanchez-Rodriguez filed an amended petition for writ of habeas corpus on August 2, 2024. (ECF No. 15.) In his amended petition, Sanchez-Rodriguez asserts two claims for relief:

> Ground 1: "Sanchez-Rodriguez's trial counsel was ineffective by refusing to help him and badgering him into accepting a plea offer based on erroneous advice, violating his right to counsel under the Sixth and Fourteenth Amendments."
>
> Ground 2: "Sanchez-Rodriguez's trial counsel was ineffective for failing to inform him of his rights to direct appeal, violating his right to counsel under the Fifth, Sixth, and Fourteenth Amendments."

(*Id.*)

Respondents filed their motion to dismiss on January 17, 2025. (ECF No. 28.) Sanchez-Rodriguez has filed an opposition to that motion, and Respondents have filed a reply. (ECF Nos. 29, 33.)

### III.    Statute of Limitations and Equitable Tolling

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences; the statue provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The AEDPA statute of limitations is tolled during the time that a "properly filed" application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).

Also, a petitioner may be entitled to equitable tolling of the one-year AEDPA limitations period if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest

the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner has the burden of proof. *Miranda*, 292 F.3d at 1065.

In this case, the AEDPA limitations period began to run on November 9, 2018, at the end of the thirty-day period during which Sanchez-Rodriguez could have initiated a direct appeal. *See* Nev. R. App. P. 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012). 314 days ran against the limitations period before Sanchez-Rodriguez initiated his state habeas action, tolling the AEDPA limitations period, on September 19, 2019, under 28 U.S.C. § 2244(d)(2).

The parties argue at some length about whether there were extraordinary circumstances causing Sanchez-Rodriguez to take 314 days to initiate his state habeas action, and whether Sanchez-Rodriguez was diligent during that time. The Court determines that the circumstances during that period were not extraordinary, and that Sanchez-Rodriguez was diligent.

Sanchez-Rodriguez's state habeas action formally concluded when the state appellate court issued its remittitur on April 10, 2023; the statutory tolling attributable to that action ended on that date. There were then 51 days remaining before the AEDPA limitations period would run out, on May 31, 2023.

While the parties' calculations may differ slightly from one another's, and from the Court's, it is undisputed that, without equitable tolling, the AEDPA limitations period would have run out at about the end of May 2023. (*See* ECF No. 28 at 5; ECF No. 29 at 2 ("Sanchez-Rodriguez concedes that he filed his pro se habeas petition past the AEDPA deadline."); ECF No. 29 at 4 ("Sanchez-Rodriguez agrees with Respondents that 314 days of his 365 AEDPA days elapsed between the date of finality and the filing of his state post-conviction petition."); ECF No. 33 at 2.)

Sanchez-Rodriguez then filed his motion to withdraw his guilty plea in state court on September 18, 2023. Without equitable tolling, that would have

had no effect, vis-à-vis the AEDPA statute of limitations, as it would have been filed after the limitations period ran out. But, if there was time left on the AEDPA limitations period—because of equitable tolling, for example—the motion to withdraw guilty plea would toll the limitations period under § 2244(d)(2). The parties appear to agree on this point. (*See* ECF No. 28 at 5; ECF No. 29 at 7.) And, because the motion to withdraw guilty plea has never been resolved, and is apparently still pending, that statutory tolling would extend, through the filing of both Sanchez-Rodriguez's original and amended petitions in this case, to the present.

In the Court's view, the key time-period, with respect to Sanchez-Rodriguez's request for equitable tolling, is the 161-day period from the conclusion of his state habeas action on April 10, 2023, until the filing of his motion to withdraw guilty plea on September 18, 2023. The Court determines that equitable tolling is warranted during this period.

Sanchez-Rodriguez states in a declaration that when the Nevada Court of Appeals affirmed the dismissal of his state habeas petition, his court-appointed counsel never forwarded him a copy of the court order or any letter advising him of his rights or options. (ECF No. 16-1.) He alleges: "Months passed before Sanchez-Rodriguez received the Remittitur, and by then, the 51 AEDPA days remaining had elapsed." (ECF No. 29 at 7.) Respondents do not directly challenge these allegations, and they do not proffer any evidence to show that Sanchez-Rodriguez's court-appointed post-conviction counsel did inform him of the conclusion of his state habeas action. Given the time that ran against the AEDPA limitations period before Sanchez-Rodriguez initiated his state habeas action, it was important that Sanchez-Rodriguez's counsel inform him immediately when that action terminated, and that counsel ensure that Sanchez-Rodriguez understood his options. The uncontroverted evidence is that counsel did not do so.

1     The Supreme Court has held that a petitioner "cannot be charged with the
2     acts or omissions of an attorney who has abandoned him." *Maples v. Thomas*,
3     565 U.S. 266, 283 (2012); *see also Gibbs v. Legrand*, 767 F.3d 879, 885 n.5 (9th
4     Cir. 2014) (noting that *Maples* involved cause for procedural default rather than
5     entitlement to equitable tolling and that the Supreme Court saw "no reason" why
6     the distinction between attorney negligence and attorney abandonment should
7     not hold in both contexts (citing *Maples*, 565 U.S. 282 n. 7)). An attorney's failure
8     to inform a habeas petitioner that a state-court proceeding concluded, affecting
9     the petitioner's ability to bring a federal habeas action, may constitute
10    abandonment and constitute extraordinary circumstances warranting equitable
11    tolling. *See Gibbs*, 767 F.3d at 886–88; *see also Holland v. Florida*, 560 U.S. at
12    652; *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015); *Perez v. Reubart*, No.
13    22-15279, 2025 WL 2473006 (9th Cir. Aug. 28, 2025). The Court determines
14    here that Sanchez-Rodriguez's post-conviction counsel's abandonment of him,
15    and failure to notify him that his state habeas action had concluded, was an
16    extraordinary circumstance preventing Sanchez-Rodriguez from meeting the
17    AEDPA limitations deadline for his federal habeas petition. And Sanchez-
18    Rodriguez demonstrates that he acted diligently at all times, including after
19    learning of the conclusion of his state habeas action, in filing his *pro se* motion
20    to withdraw his guilty plea on September 18, 2023, which statutorily tolled the
21    AEDPA limitations period, and in preparing and mailing his *pro se* federal habeas
22    petition for filing on January 18, 2024.

23    So, the Court grants Sanchez-Rodriguez equitable tolling for 161 days,
24    from April 10, 2023, until September 18, 2023. With this equitable tolling,
25    together with the statutory tolling attributable to Sanchez-Rodriguez's motion to
26    withdraw his guilty plea, Sanchez-Rodriguez's *pro se* original petition (ECF No.
27    1-1) and his counseled amended petition (ECF No. 15) were both timely filed and
28    are not barred by the AEDPA statute of limitations.

**IV.    Ground 2**

A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless the petitioner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as technically exhausted but subject to the procedural default doctrine. That is, "[a]n unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

The parties agree that Sanchez-Rodriguez has not presented Ground 2 in state court. (*See* ECF No. 15 at 8; ECF No. 28 at 7; ECF No. 29 at 9.) And Sanchez-Rodriguez concedes that if he were to return to state court to present Ground 2 the claim would be ruled barred under state-law procedural rules. (ECF No. 15 at 8.) Sanchez-Rodriguez takes the position, therefore, that Ground 2 is technically exhausted but subject to the procedural default doctrine. (*Id.*; *see also* ECF No. 29 at 9.) Sanchez-Rodriguez argues that he can overcome the procedural default under *Martinez*. (ECF No. 15 at 8; ECF No. 29 at 9.)

The Court determines that the anticipatory default doctrine applies to Ground 2. The Court considers that claim to be technically exhausted, but subject to procedural default analysis.

The Supreme Court has stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Martinez*, the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel.

The Court determines that the question whether Sanchez-Rodriguez can overcome the procedural default of Ground 2 under *Martinez* is interwoven with the merits of the claim, such that the procedural default issues will be best addressed after the parties have fully briefed the merits of Sanchez-Rodriguez's claims. Therefore, the Court will deny Respondents' motion to dismiss without

prejudice to Respondents asserting the procedural default defense to Ground 2 in their answer.

**V.    Conclusion**

It is therefore hereby ordered that Respondents' Motion to Dismiss (ECF No. 28) is denied.

It is further ordered that Respondents will have 90 days from the date of entry of this order to file an answer to Petitioner's amended petition for writ of habeas corpus. (ECF No. 15.) In all other respects, the schedule for further proceedings set forth in the order entered February 26, 2024, remains in effect.

DATED THIS 9th day of September, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE